IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TONY PAYANO,

                              Plaintiff,                                    ORDER

           v.                                                              11-cv-437-slc

GREG GRAMS,

                              Defendant.

---

Plaintiff Tony Payano, a prisoner at the Columbia Correctional Institution, in Portage, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed *in forma pauperis*. Because plaintiff is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint *in forma pauperis*, plaintiff will have to make an initial partial payment of the filing fee. In determining whether a prisoner litigant qualifies for indigent status this court applies the formula set forth in 28 U.S.C. § 1915(b)(1). According to this formula, a prisoner requesting leave to proceed *in forma pauperis* must prepay 20% of the greater of the average monthly balance or the average monthly deposits made to his prison account in the six-month period immediately preceding the filing of the complaint.

In this case, 20% of the average monthly deposits is $1.65, but 20% of the average monthly balance made to his account is $109.20. Because the greater of the two amounts is 20% of the average monthly balance, or $109.20, that is the amount plaintiff will be assessed as an initial partial payment of the filing fee. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only

amount plaintiff must pay at this time is the $109.20 initial partial payment.  Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.  Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payment to this court.

Plaintiff has also moved for an order requiring the institution to pay the filing fee and the sheriff's service fee from his release account, dkt. 3.  I interpret his motion to mean that he is requesting to pay his entire filing fee and for service of the complaint with his release account.  His motion will be denied.  The use of release account funds is governed by state law.  *See* Wis. Admin. Code § DOC 309.466.  According to § 309.466(2), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation."  The only exception is that release funds can used to pay an *initial partial filing fee* under the 1996 Prison Litigation Reform Act.  Because release funds cannot be used for any other reason, his motion to have his release account funds used to pay the full filing fee and the service fee is denied.

ORDER

IT IS ORDERED that:

1.    Plaintiff Tony Payano is assessed $109.20 as an initial partial payment of the $350 fee for filing this case.  He is to submit a check or money order made payable to the clerk of court in the amount of $109.20 on or before July 11, 2011.  If, by July 11, 2011, plaintiff fails to make the initial partial payment or

show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

2.      Plaintiff's motion for use of release account funds to pay the entire amount of his filing fee and for service of the complaint, dkt. #3, is DENIED. The only amount prison officials may take from plaintiff's release account is the initial partial filing fee of $109.20.

Entered this 21st day of June, 2011.

                        BY THE COURT:

                        /s/

                        STEPHEN L. CROCKER
                        Magistrate Judge